IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN T. SHAKUR, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION |
| FEDERAL EXPRESS CORPORATION | ) FILE NO. _____ |
| Defendant. | ) **JURY DEMAND** |

## COMPLAINT

Plaintiff Kevin T. Shakur, by and through his attorneys of record, files this Complaint for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. § 621 *et seq.*, and damages. This Complaint is based upon the current information and belief of Plaintiff, who hereby alleges as follows:

## PARTIES

1.

Plaintiff Kevin T. Shakur ("Mr. Shakur" or "Plaintiff") is a citizen and resident of DeKalb County in the State of Georgia. Mr. Shakur was born on July 30, 1965.

2.

Defendant Federal Express Corporation ("FedEx" or "Defendant") is a Delaware corporation registered to do business in the State of Georgia. FedEx may be served via its registered agent CT Corporation System, at 1201 Peachtree Street NE, Atlanta, Georgia 30361.

3.

Defendant is an employer within the meaning of federal and Georgia state law.

## JURISDICTION AND VENUE

4.

The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117(a). Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2). At all relevant times, Defendant has transacted business in the Northern District of Georgia, is currently maintaining its registered agent in

Fulton County, which is within the Northern District of Georgia, and continues to transact business in the Northern District of Georgia.

5.

Plaintiff has exhausted his administrative remedies; to wit, he timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. He has received a Right to Sue Letter (attached hereto as Exh. A) and this lawsuit is timely filed.

FACTUAL ALLEGATIONS

6.

Mr. Shakur is an African-American male who was over the age of forty (40) at the time of the factual allegations contained herein.

7.

As such, Mr. Shakur is a member of a protected class under Title VII with respect to race and under the ADEA.

8.

Mr. Shakur began working for Federal Express on or about September 28, 2009.

9.

Mr. Shakur worked as a Carrier in Federal Express' Albany, Georgia office, which is located at 2501 West Gordon Avenue, Albany, Georgia 31707.

10.

Mr. Shakur was qualified for the position of Carrier.

11.

Throughout his employment, Plaintiff performed his job duties in an acceptable manner and to the reasonable expectations of his employer.

12.

Mr. Shakur's immediate supervisor was Theresa Browne.

13.

The supervisor above Ms. Browne who was in charge of overseeing the Albany, Georgia office was Gary Aker, a white male.

14.

Immediately after being hired by Defendant in September of 2009, Mr. Shakur began to be subjected to discrimination and disparate treatment based upon his race and age.

15.

For example, shortly after beginning work at the Albany office, Mr. Shakur overheard his supervisor, Ms. Browne openly comment that she wanted to get rid of the older employees at the office and replace them with younger employees.

16.

Indeed, Ms. Browne went so far as to say that she had recently gotten rid of some older employees just prior to Mr. Shakur becoming employed.

17.

On March 16, 2010, Mr. Shakur was physically battered by his supervisor Ms. Browne around 6:50 am.

18.

In response to this altercation, Mr. Shakur in accordance with the "Workplace Violence" provisions of his Employee Handbook, called 911 to report this workplace violence incident.

19.

Subsequently, Mr. Shakur learned that this was not the first time an employee at the Albany office called 911 to report a workplace violence incident involving Ms. Browne.

20.

Ultimately, on or about March 25, 2010, Mr. Shakur's employment with Federal Express was terminated.

21.

Shockingly, despite Ms. Browne's history of workplace violence and contrary to the facts of the incident, Mr. Shakur was informed that he was being terminated for filing a false workplace violence report.

22.

Defendant's alleged reason for terminating Plaintiff's employment was patently false and a pretext for unlawful discrimination.

23.

Following Mr. Shakur's termination, Defendant hired one or more non-African-American employees to the position of Carrier.

24.

Following Mr. Shakur's termination, Defendant also replaced Plaintiff with one or more substantially younger employees.

REQUEST FOR RELIEF

DISCRIMINATION IN VIOLATION OF TITLE VII

25.

Plaintiff incorporates by reference the allegations in Paragraphs 1-24 above as if set forth verbatim herein.

26.

The actions of Defendant in terminating Plaintiff and subsequently hiring a non-African-American employee to replace him was done in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, *et seq*.

27.

As a result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered mental, emotional, and financial harm.

28.

Defendant engaged in the aforementioned discriminatory practice with malice or reckless indifference to the federally protected rights of Plaintiff and as a result, he is entitled to punitive damages.

## COUNT TWO

## VIOLATION OF THE ADEA

29.

Plaintiff incorporates by reference the allegations in Paragraphs 1-24 above as if set forth verbatim herein.

30.

The actions of Defendant in terminating Mr. Shakur and replacing him with an employee under the age of forty (40) was in violation of the Age Discrimination in Employment Act, 29 U. S. C. § 621 *et seq*.

31.

As a direct and proximate result of the actions of Defendant, Plaintiff has suffered damages. The damages resulting from such conduct should be taxed to Defendant.

WHEREFORE, Plaintiff Kevin T. Shakur prays:

(1) That Summons issue requiring the above-named Defendant to answer each allegation of this Complaint in the time proscribed by law;

(2) That judgment be entered against Defendant for violations of the rights of Plaintiff under the federal statutes above;

(3) For restitution, including back pay;

(4) For an award of such damages as are authorized by law;

(5) For an award of all reasonable costs and attorneys' fees incurred by Plaintiff pursuant to the Civil Rights Act of 1964, as amended;

(6) For trial by jury of all matters; and

(7) For such other and further relief as the Court may deem just and equitable.

DATED this 29th day of June, 2011.

Respectfully submitted,

BY: WEBB, KLASE & LEMOND, L.L.C.

*/s G. Franklin Lemond, Jr.*
E. Adam Webb
 Georgia State Bar No. 743910
G. Franklin Lemond, Jr.
 Georgia State Bar No. 141315

1900 The Exchange, S.E.
Suite 480
Atlanta, Georgia 30339
(770) 444-0773
(770) 444-0271 (fax)

Attorneys for Plaintiff